# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON<br><br>Respondent,<br><br>v.<br><br>SAMANTHA JEWELL EAZOR,<br><br>Appellant. | No.  57557-4-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Samantha J. Eazor appeals her sentence imposed for her conviction for second degree assault.  Eazor argues that the superior court erred by imposing the crime victim penalty assessment (VPA) as part of her sentence.  The State does not object to remanding for the superior court to strike the VPA.  Because the VPA is no longer authorized by statute, we remand to the superior court to strike the VPA.

## FACTS

In August 2022, a jury found Eazor guilty of second degree assault and resisting arrest. The superior court found that Eazor was indigent.  As part of Eazor's sentence, the superior court imposed the $500 VPA.

Eazor appeals.

## ANALYSIS

Eazor argues that the VPA should be stricken because the VPA is no longer authorized by statute.  The State has no objection to remanding for the superior court to strike the VPA.  We agree the VPA should be stricken.

No. 57557-4-II

Effective July 1, 2023, the VPA is no longer authorized for indigent defendants. LAWS OF 2023, ch. 449 § 1; RCW 7.68.035(4). And changes to the legislation governing legal financial obligations apply to cases on direct appeal when the change was enacted. *State v. Matamua*, __ Wn. App. 2d __, 539 P.3d 28, 39 (2023).

Because the VPA is no longer authorized by statute, it should be stricken. Accordingly, we remand to the trial court to strike the VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

LEE, J.

2